KELLY, Judge,
Concurring in part; dissenting in part.
I agree that it was error for the trial court to direct verdict on the lien count; however, I would still affirm. Best has appealed a judgment in its favor that it does not want us to reverse. While the majority has returned this case to the trial court to have the lien claim retried, Best never asked this court for that remedy. It asked this court to reverse the directed verdict, period. At oral argument, Best’s counsel explained that Best had no quarrel with the final judgment, which awarded it damages under a breach of contract theory, but simply wanted the directed verdict reversed. Best admitted that the point of the appeal was to allow it to go back and seek attorney’s fees under the lien statute. See § 713.29, Fla. Stat. (2010). The problem with this argument is it overlooks that Best has to prevail on its claim before that right accrues.
The majority has generously read into Best’s arguments a request for a new trial on the lien claim. I do not agree we may do that for Best. Best’s posttrial motions demonstrate it knows how to ask for a new trial, yet it has not done so in its briefs or at oral argument. Finally, even if I thought it was proper to help Best with its argument in that regard, I am not convinced Best was harmed by the directed verdict, at least in a way that supports a reversal. According to Best’s attorney, it is satisfied with the damages awarded by the jury. At oral argument, the issue of its ability to seek fees was revealed to be harm it sought to remedy. But, as explained above, it will not have the right to seek fees even if we reverse because it has not yet and may never prevail on the claim of lien count. I am not convinced the speculative ability to seek fees in the future is a proper basis to reverse.